| | |
|---|---|
| SEDGWICK LLP<br>MARK J. HANCOCK  SBN 160662<br>mark.hancock@sedgwicklaw.com<br>REBECCA A. HULL  SBN 99802<br>rebecca.hull@sedgwicklaw.com<br>ERIN A. CORNELL  SBN 227135<br>erin.cornell@sedgwicklaw.com<br>333 Bush Street, 30th Floor<br>San Francisco, CA  94104-2834<br>Telephone:    415.781.7900<br>Facsimile:     415.781.2635<br><br>Attorneys for Plaintiff<br>METROPOLITAN LIFE INSURANCE COMPANY | BARR & YOUNG ATTORNEYS<br>GORDON YOUNG  SBN 158100<br>Gordon@BarrYoungLaw.com<br>HEIDI IMSAND  SBN 294096<br>Heidi@BarrYoungLaw.com<br>318-C Diablo Road<br>Danville, CA  94526<br>Telephone:    925.314.9999<br>Facsimile:     925.314.9960<br><br>Attorneys for Defendants<br>JAMIE GONSALVES and BRIAN GONSALVES |
| LAW OFFICES OF WEBSTER & WEBSTER<br>FREDRIC L. WEBSTER  SBN 43165<br>3743 Railroad Avenue<br>Pittsburg, CA  94565<br>Telephone:    925.439.9181<br>Facsimile:     925.439.1875<br><br>Attorneys for Defendant<br>TESSA DAWSON | BRONWYN DAWSON<br>3782 Briarcliff Drive<br>Pittsburg, CA  94565<br>Telephone:    925.813.4444<br>DEFENDANT IN *PRO SE* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>TESSA DAWSON; BRIAN GONSALVES; JAMIE GONSALVES; and BRONWYN DAWSON<br><br>            Defendants. | Case No. 3:15-cv-00225 MEJ<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISTRIBUTION OF FUNDS, DISCHARGE OF STAKEHOLDER AND DISMISSAL OF ACTION WITH PREJUDICE** |

The parties hereby jointly submit the following Stipulation and [Proposed] Order regarding the holding and eventual distribution of the funds, and for the discharge of Metropolitan Life Insurance Company ("MetLife"), Bank of the West and the Group Term Life & Accidental Death and Dismemberment Insurance Plan for Employees of Bank of the West ("the Plan"):

20002674v1

STIPULATION AND [PROPOSED] ORDER RE FUNDS AND DISCHARGE

1. MetLife issued a group life insurance policy to Bank of the West to fund life and accidental death and dismemberment benefits under the Plan. The Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*, and is sponsored by Bank of the West.

2. At all relevant times, the Plan afforded coverage to eligible employees of Bank of the West, including Ingrid Gonsalves ("the Decedent").

3. On or about February 22, 2012, the Decedent executed a Bank of the West Life and Accidental Death and Dismemberment Insurance Beneficiary Designation Form, designating her daughter, Jamie Gonsalves ("Jamie"), as the sole primary beneficiary.

4. On or about February 4, 2014, the Decedent executed a second Life and Accidental Death and Dismemberment Insurance Beneficiary Designation form, designating her daughter, Jamie, and her sister, Bronwyn Dawson ("Bronwyn"), as primary beneficiaries, each to receive 50% of the proceeds.

5. A third Life and Accidental Death and Dismemberment Insurance Beneficiary Designation form, dated July 10, 2014, designates the Decedent's ex-husband, Brian Gonsalves ("Brian"), as the sole primary beneficiary.

6. On or about September 10, 2014, the Decedent executed a fourth Life and Accidental Death and Dismemberment Insurance Beneficiary Designation form, designating her sister, Tessa Dawson ("Tessa"), as the sole primary beneficiary.

7. The September 10, 2014 beneficiary designation form was received by Bank of the West on September 11, 2014, along with a letter from the Decedent. The letter stated that the Decedent had received a copy of the beneficiary designation form naming her ex-husband Brian Gonsalves as sole primary beneficiary, but that the form had not been filled out or signed by her. The Decedent stated that she and Brian had been divorced for four years, but that he "continues to change my beneficiary to his name." The Decedent further stated that the only people who were allowed to obtain any information or request a beneficiary change form were herself and Tessa, who was a 100% beneficiary.

8. The Decedent died on October 16, 2014.

9. At the time of her death, the Decedent was enrolled under the Plan for Basic Life Insurance coverage, in the amount of TEN THOUSAND DOLLARS ($10,000.00) ("the Plan Benefits"). The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

10. On or about October 29, 2014, MetLife received a Life Insurance Claim Form from Tessa for the Plan Benefits.

11. On or about November 4, 2014, Jamie sent a letter to Bank of West, alleging that she had recently learned of a change in the Decedent's beneficiary designation. Jamie alleged that the Decedent was under chemotherapy treatment for cancer and by the end of July 2014, had lost all of her short-term memory. Jamie alleged that the Decedent changed the beneficiary form in July to name Brian as the sole beneficiary, then changed it again in August in favor of her sister, Tessa. Jamie alleged that by August, Tessa and her sisters were the Decedent's full-time caregivers and they changed everything, which Jamie was challenging in court. Jamie alleged that there were two wills being disputed. Jamie was contesting the beneficiary changes and requested that Bank of the West delay any payment of the Plan Benefits until there was a court decision. Jamie further alleged that she had been the sole beneficiary for many years, until the two "last minute" changes.

12. On or about November 7, 2014, the Plan Benefits were paid to Tessa by way of a "Total Control Account" ("TCA"), a type of account offered by MetLife for the payment of claims, pursuant to the most recent beneficiary designation on file.

13. The Plan Benefits remain in the TCA.

14. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan and Bank of the West to double liability.

15. As a result of these competing claims, MetLife filed a Complaint in Interpleader on January 15, 2015 (ECF No. 1), to determine the lawful distribution of the Plan Benefits and to seek discharge of MetLife, the Plan and Bank of the West with regard to all claims and issues relating to the Plan Benefits.

16. There is also presently pending in Contra Costa County Superior Court a probate action involving the estate of the Decedent, Case No. MSP14-01438 (the "Probate Action").

17. To fully resolve the present District Court interpleader action, the parties to this action, by and through their counsel of record, each and all hereby stipulate and respectfully request as follows:

- That the Court order Tessa Dawson to deposit the Plan Benefits into the client trust account ("Trust Account") of her counsel, Fredric L. Webster, within 10 business days of the Court's signing of the Order below;
- That the proper beneficiary or beneficiaries of the Plan Benefits will be determined by order of the Contra Costa County Superior Court in the Probate Action;
- That MetLife, the Plan, and Bank of the West shall have no further liability to any defendant with regard to the Plan Benefits, and that MetLife shall be discharged and dismissed from this action with prejudice.
- That MetLife will bear its own attorneys' fees and costs incurred through the date on which MetLife is discharged and dismissed from the action, and defendants will not seek any fees and costs from MetLife in connection with this action;
- Each of the defendants shall be restrained and enjoined from instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any state or United States Court against MetLife, the Plan or Bank of the West, arising from or in any manner connected with the Plan Benefits and/or their respective claims for payment of some or all of the Plan Benefits.
- Once the Plan Benefits are transferred to the Trust Account, the parties will file a Stipulation and [Proposed] Order for Dismissal of the entire action with prejudice.

\\

\\

1  IT IS SO STIPULATED, AGREED AND RESPECTFULLY REQUESTED:

2  DATED: April 20 2015          SEDGWICK LLP

4                                 By: _____
                                        Mark J. Hancock
5                                       Erin A. Cornell
                                        Attorneys for Plaintiff
6                                       METROPOLITAN LIFE INSURANCE COMPANY

7  DATED: April 15 2015          BARR & YOUNG ATTORNEYS

9                                 By: _____
                                        Gordon Young
10                                      Heidi Imsand
                                        Attorneys for Defendants
11                                      JAMIE GONSALVES and BRIAN GONSALVES

12 DATED: April __, 2015          LAW OFFICES OF WEBSTER & WEBSTER

14                                By: _____
                                        Fredric L. Webster
15                                      Attorneys for Defendant
                                        TESSA DAWSON

17 DATED: April __, 2015

19                                By: _____
                                        Bronwyn Dawson
                                        Defendant in *Pro Se*

23                                    **ORDER**

24     Pursuant to the Stipulation above, IT IS SO ORDERED that:

25     1.     Tessa Dawson shall deposit the Plan Benefits into the client trust account of her
26 attorney, Fredric L. Webster, within 10 business days of the date of this Order.
27     2.     Metropolitan Life Insurance Company, the Group Life and Accidental Death and
28 Dismemberment Insurance Plan for Employees of Bank of the West, and Bank of the West shall be

IT IS SO STIPULATED, AGREED AND RESPECTFULLY REQUESTED:

DATED: April __, 2015  SEDGWICK LLP


By: _____
  Mark J. Hancock
  Erin A. Cornell
  Attorneys for Plaintiff
  METROPOLITAN LIFE INSURANCE COMPANY

DATED: April __, 2015  BARR & YOUNG ATTORNEYS


By: _____
  Gordon Young
  Heidi Imsand
  Attorneys for Defendants
  JAMIE GONSALVES and BRIAN GONSALVES

DATED: April 6, 2015  LAW OFFICES OF WEBSTER & WEBSTER


By: _____
  Fredric L. Webster
  Attorneys for Defendant
  TESSA DAWSON

DATED: April 6, 2015


By: _____
  Bronwyn Dawson
  Defendant in Pro Se


## ORDER

Pursuant to the Stipulation above, IT IS SO ORDERED that:

1. Tessa Dawson shall deposit the Plan Benefits into the client trust account of her attorney, Fredric L. Webster, within 10 business days of the date of this Order.

2. Metropolitan Life Insurance Company, the Group Life and Accidental Death and Dismemberment Insurance Plan for Employees of Bank of the West, and Bank of the West shall be

5

STIPULATION AND [PROPOSED] ORDER RE FUNDS AND DISCHARGE

discharged from this action for the Plan Benefits payable as a consequence of the death of Ingrid Gonsalves and dismissed, with prejudice, with MetLife to bear its own attorneys' fees and costs.

3. Each of the defendants is hereby restrained and enjoined from instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any state or federal court against Metropolitan Life Insurance Company, the Group Life and Accidental Death and Dismemberment Insurance Plan for Employees of Bank of the West, and/or Bank of the West, with regard to any matter concerning the Group Life and Accidental Death and Dismemberment Insurance Plan, the Plan Benefits, and/or their respective claims for payment of some or all of such Plan Benefits.

4. Within 30 days after the Plan Benefits have been transferred to the client trust account of Frederic L. Webster, the parties shall file a Stipulation and [Proposed] Order dismissing the entire action with prejudice.

IT IS SO ORDERED.

DATED: April 21, 2015

_____
Honorable Maria Elena James
United States Magistrate Judge

20002674v1

6
STIPULATION AND [PROPOSED] ORDER RE FUNDS AND DISCHARGE